IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

JOSE VARGAS-SOTO,

      Petitioner,

v.                                                    Case No. 1:15-cv-07012

BARBARA RICKARD, Warden,
FCI McDowell,

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1).  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No.  1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A.    The petitioner's conviction and direct appeal.

On April 20, 2011, the petitioner pled guilty in the United States District Court for the Northern District of Texas to one count of illegal re-entry after deportation, in violation of 8 U.S.C. §§ 1326(a) and (b)(1)(2) (*United States v. Vargas-Soto*, Case No. 11-cr-00050-Y (N.D. Tex.).  On August 30, 2011, the petitioner was sentenced to 180 months

in prison, to run consecutively to a 12-month sentence imposed upon a supervised release revocation in Case No. 4:08-cr-00086-1 (S.D. Tex. Jan. 3, 2011).[1]

The petitioner's appeal to the United States Court of Appeals for the Fifth Circuit asserted that the district court erroneously applied the 16-level enhancement for his manslaughter conviction, which is essentially the same claim he now seeks to raise in the instant petition. However, the Fifth Circuit found that "even if categorizing Vargas-Soto's manslaughter conviction as a crime of violence were plain error, there was no substantial harm because his separate conviction for evading arrest would have been sufficient to support the same 16-level sentencing enhancement." *United States v. Vargas-Soto*, 700 F.3d 180 (5th Cir 2012).[2] Thus, the petitioner's judgment was affirmed on October 21, 2012. (*Id.*) On February 25, 2013, the petitioner's Petition for a Writ of Certiorari was denied by the Supreme Court of the United States. *Vargas-Soto v. United States*, 133 S. Ct. 1482 (2013).

**B.    The petitioner's section 2255 motions.**

*Case No. 4:13-cv-00880-Y*

The petitioner also asserted a claim concerning the 16-level enhancement under USSG 2L1.2(b)(1)(A) in a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C.

---

[1]  According to the opinion of the United States Court of Appeals for the Fifth Circuit in the petitioner's direct appeal, the petitioner's Presentence Investigation Report ("PSR") contained an adjusted offense level of 21, consisting of a base offense level of 8 under Section 2L1.2(a) of the United States Sentencing Guidelines ("USSG"), a 16-level enhancement for an aggravated felony conviction of manslaughter under USSG § 2L1.2(b)(1)(A), and a three-level reduction for acceptance of responsibility under USSG § 3E1.1(b). The petitioner's guideline imprisonment range was determined to be 77-96 months. However, the PSR noted that an upward departure under USSG § 4A1.3(a) might be warranted if the district court determined that the petitioner's criminal history category substantially under-represented the seriousness of his criminal history and the likelihood of recidivism. The district court ultimately departed upward and sentenced the petitioner to 180 months of imprisonment and a three-year term of supervised release. *United States v. Vargas-Soto*, 700 F.3d 180 (5th Cir. 2012).

[2]  The petitioner also challenged the district court's upward departure, but that finding does not appear to be relevant to the instant matter.

§ 2255, which was filed on October 28, 2013.  *Vargas-Soto v. United States*, Case No. 4:13-cv-0880-Y, ECF No. 1 (N.D. Tex.).  There, he challenged the imposition of the enhancement under the Supreme Court's decision in *Alleyne v. United States*, 131 S. Ct. 2151 (2013).  The petitioner also asserted a violation of *Brady v. Maryland*, 373 U.S 83 (1963), based upon the government's alleged failure to turn over unspecified evidence of his innocence of the manslaughter conviction, and ineffective assistance of counsel for failure to object to the sentencing enhancement and the alleged *Brady* violation.  His first section 2255 motion was denied on March 27, 2014.  *Vargas-Soto v. United States*, No. 4:13-cv-0880-Y, ECF No. 11 (N.D. Tex. Mar. 27, 2014).

### *Case No. 4:14-cv-00442-Y*

On June 12, 2014, the petitioner filed another section 2255 motion in the United States District Court for the Northern District of Texas.  *Vargas-Soto v. United States*, Case No. 4:14-cv-00442-Y, ECF No. 1 (N.D. Tex.), in which he raised the exact same issue raised in the instant section 2241 petition – a challenge to his 16-level enhancement under USSG § 2L1.2(b)(1)(A) in light of the Supreme Court's decision in *Descamps v. United States*, 133 S. Ct. 2276 (2013).[3]  On July 29, 2014, the District Court summarily dismissed that section 2255 motion as being an unauthorized successive 2255 motion.  (*Id.*, ECF Nos. 4 and 5).  The petitioner did not appeal that decision.

---

[3]  In *Descamps*, the Supreme Court clarified that the "modified categorical approach" may only be used to determine whether an offense is a "violent felony" if the statute being reviewed is "divisible" (*i.e.*, the statute sets forth alternative elements of the crime).  The *Descamps* Court emphasized that its prior decisions "all but resolve[d]" the matter.  133 S. Ct. at 2283.  Accordingly, the *Descamps* decision was neither a new substantive rule, nor a watershed procedural rule, and, thus, case law indicates that *Descamps* does not apply retroactively on collateral review.  *See, e.g., In re: Jackson*, 776 F.3d 292 (5th Cir. 2015); *Groves v. United States*, 755 F.3d 588 (7th Cir. 2014); *Wilson v. Warden, FCC Coleman*, 581 F. App'x 750 (11th Cir. 2014).

### *Pursuit of Johnson relief*

On June 6, 2016, the petitioner filed a "Motion to Appoint Federal Public Defender to Represent Defendant in a Request for Post-Conviction Relief" in his criminal case, seeking appointment of counsel to assist him in pursuing post-conviction relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).[4]  *United States v. Vargas-Soto*, Case No. 4:11-cr-00050-Y, ECF No. 56 (N.D. Tex.).  The District Court granted that motion on June 8, 2016, and appointed the Federal Public Defender to represent the petitioner in pursuit of any post-conviction relief that may be available to him.  (*Id.*, ECF No. 57).  On June 27, 2016, the petitioner, by counsel, sought authorization from the Fifth Circuit to file a successive section 2255 motion.  However, such authorization was denied on September 9, 2016.  *In re: Jose Vargas-Soto*, No. 16-10890 (5th Cir. Sept. 2, 2016).

---

[4]  In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and, thus, a sentence enhanced thereunder violates the Due Process Clause of the Fifth Amendment.  The ACCA provides for a sentencing enhancement for a felon possessing a firearm or ammunition when the defendant has three prior convictions for violent felonies and/or serious drug offenses.  18 U.S.C. §§ 922(g)(1) and 924(e)(1).  The ACCA defines a "violent felony" as a crime punishable ... by imprisonment for a term exceeding one year ... that

    (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)    is burglary, arson, or extortion, involves use of explosives, **or otherwise involves conduct that presents a serious potential risk of physical injury to another.**

18 U.S.C. § 924(e)(2)(B) (Emphasis added).  The bolded portion of this definition is known as the Act's "residual clause."

The petitioner was not sentenced under the ACCA.  However, he appears to be asserting that the holding in *Johnson* should be extended to the definition of a "crime of violence" in USSG § 2L1.2(b)(1)(A).  The undersigned notes, however, that neither the petitioner's petition nor the motion to amend specifically address how he believes *Johnson* affects his case.  The undersigned further notes that USSG § 2L1.2(b)(1)(A) and its commentary do not appear to contain any language similar to that of the residual clause of the ACCA, which was found to be unconstitutional.

**C.      The petitioner's present section 2241 petition.**

On June 1, 2015, the petitioner filed the instant section 2241 petition (ECF No. 1). He subsequently filed a Memorandum in support thereof (ECF No. 4), asserting that the Supreme Court's decision in *Descamps* should be retroactively applied and this court should find that his 16-level enhancement under USSG § 2L1.2(b)(1)(A) was improperly applied because his manslaughter conviction is not a crime of violence.  On July 8, 2016, the petitioner filed a "Motion to Alter, Amend or Relate Back to Pending Claims Within a Writ of Habeas Corpus filed under 28 U.S.C. §2241" (ECF No. 7), seeking to add a claim for relief under *Johnson*.  The motion to amend has been granted by separate Order.

Because it plainly appears that the petitioner is not entitled to the relief requested in this court, the undersigned has not required the respondent to answer the petition.

## ANALYSIS

**A.      The petitioner is not entitled to relief under section 2241.**

The petitioner's claims clearly challenge the validity of his sentence, and not the manner in which the sentence is being executed.  Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Northern District of Texas.  Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or

ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").  *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.  *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241.  The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination.  The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

Although the petitioner appears to be asserting that, pursuant to *Descamps* and *Johnson*, there has been an intervening change in substantive law that retroactively affects his case, neither of the cases cited by the petitioner involve a decision that has changed the substantive law such that the <u>conduct of which the petitioner was convicted</u>

6

is deemed not to be criminal. Rather, the petitioner simply asserts that these decisions calls into question whether a prior conviction was properly used to enhance his Sentencing Guideline calculation, which does not implicate the savings clause. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n. 1 (2013) (a prior conviction used in conjunction with recidivist enhancements is a sentencing factor, not an "element" of a triggering crime); *Brown v. Butler*, No. 15-cv-88-HRW, 2015 WL 6702451, *4 (E.D. Ky Nov. 3, 2015) ("district courts have consistently concluded that a habeas corpus petition under § 2241 is not a proper method to assert a *Johnson* claim") (collecting cases); *Swanson v. Zych*, No. 7:15CV00398, 2015 WL 5307999, *1 (W.D. Va. Sept. 10, 2015) ("Because *Johnson* decision had no effect on the criminality of [the petitioner's] offense conduct . . . he cannot proceed with his claim under § 2241"); *Barnhart v. Saad*, 3:15-cv-99, *4 (N.D. W. Va. Jan. 28, 2016) (§ 2241 petition asserting challenges to sentencing enhancement under *Descamps* and *Johnson* dismissed for failure to meet savings clause).

Furthermore, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241. In light of the fact that the petitioner has already unsuccessfully challenged this same enhancement on direct appeal and in two section 2255 motions, he may not use the savings clause to attempt to re-litigate those challenges in this court. Moreover, while this court could construe the petitioner's petition as section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would be another unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140

(1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Faber.

     The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner.

March 3, 2017

                                  Dwane L. Tinsley
                                  United States Magistrate Judge