IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

JOSE VARGAS-SOTO,

     Petitioner,

v.                                    CIVIL ACTION NO. 1:15-07012

BARBARA RICKARD, Warden,
FCI-McDowell,

     Respondent.

## MEMORANDUM OPINION AND ORDER

By Standing Order, this matter was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and recommendations ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). See Doc. No. 2.

Magistrate Judge Tinsley submitted to the court his PF&R on March 3, 2017, in which he recommended that the Court dismiss Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. No. 1); and dismiss this civil action for lack of jurisdiction.

In accordance with 28 U.S.C. § 636(b), the parties were allotted seventeen days in which to file any objections to the Magistrate Judge's PF&R. The failure of any party to file such objections within the time allotted constitutes a waiver of such party's right to a de novo review by this court. See Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989). Petitioner sought, see

Doc. No. 10, and this court granted, see Doc. No. 11, an

extension of time for Petitioner to file his Objections to the

PF&R.  Petitioner subsequently filed the Objections to the

Magistrate Judge's PF&R.  See Doc. No. 12.  Petitioner also

filed a "Motion to Supplement, Alter, Amend or Relate Back to a

§ 2241 Habeas Corpus Writ."  Doc. No. 13.

First, Petitioner argues in his Objections to the PF&R that

"[Descamps v. United States, 133 S. Ct. 2276 (2013)] . . . is

retroactively applicable to cases on direct and collateral

review."  Doc. No. 12.  The Magistrate Judge properly deduced in

this case that "Descamps does not create a new rule of

constitutional law made retroactive to cases on collateral

review.  Doc. No. 9; see also Kane v. United States, 2016 WL

7404720, at *4 (W.D.N.C. Dec. 21, 2016) (holding that "[b]ecause

Descamps is not 'a new rule of constitutional law, made

retroactive to cases on collateral review by the Supreme Court,

that was previously unavailable,' a Descamps claim will not

support a successive motion to vacate."); Payton v. United

States, 2016 WL 6996743, at *2 (D. Md. Nov. 30, 2016) ("The

basis of Payton's petition is the Supreme Court's 2013 decision

in Descamps, which the Supreme Court has not made

retroactive."); Gibert v. United States, 2015 WL 11111314, at *3

(D.S.C. Mar. 10, 2015), dismissed, 622 F. App'x 268 (4th Cir.

2015) ("[The court finds that the Supreme Court did not create [in Descamps] a new rule that is retroactive to cases on collateral review; Briscoe v. United States, 2015 WL 2451420, at *2 (N.D.W. Va. May 21, 2015), appeal dismissed, 624 F. App'x 123 (4th Cir. 2015) (collecting cases)). Therefore, the objection lacks merit.

Second, Petitioner also argues in his Objections to the PF&R that the Magistrate Judge erred in concluding that "Petitioner's evading arrest . . . suffice[d] . . . to sustain the 16-level indictment." Doc. No. 12. However, the United States Court of Appeals for the Fifth Circuit determined that "even if categorizing Vargas-Soto's manslaughter conviction as a crime of violence were plain error, there was no substantial harm because his separate conviction for evading arrest would have been sufficient to support the same 16-level sentencing enhancement." United States v. Vargas-Soto, 700 F.3d 180 (5th Cir. 2012). Petitioner argues that the Fifth Circuit's decision in United States v. Garcia-Perez, 779 F.3d 278 (5th Cir. 2015), counts in his favor. This is untrue. What Garcia-Perez says is that "manslaughter as defined by the Florida statute of conviction does not qualify as a crime of violence, and thus the [16-level] increase was error." Id. at 281. It does not concern a separate conviction that could justify the 16-level

increase, thus leaving the Fifth Circuit's opinion in Vargas-Soto undisturbed.  Consequently, this objection too is without merit.

Per Petitioner's request, see Doc. No. 13, the court must decide whether to grant the "Motion to Supplement, Alter, Amend or Relate Back to a § 2241 Habeas Corpus Writ."  Petitioner submits that Mathis v. United States, 136 S.Ct. 2243 (2016), casts doubt on his Armed Career Criminal Act ("ACCA")-based sentence enhancement.  See id.  Mathis holds that "[when] the elements of [a state's] . . . law" concerning a particular offense "are broader than those of" the "generic [offense], [criminal] convictions under that law cannot give rise to an ACCA sentence."  Id. at 2257.  The court finds itself without the authority under Rule 15 of the Federal Rules of Civil Procedure or the inclination to grant this Motion.  Justice would not so require or be better served by this.  Moreover, the court exhaustively has studied the documents concerning this request for habeas relief as well as the proceedings in the United States District Court for the Northern District of Texas, which sentenced Petitioner.  See United States v. Vargas-Soto, 4:11-cr-00050-Y.  On the merits, Petitioner's Mathis argument lacks merit.  Under the "Motion to Supplement, Alter, Amend or Relate Back to a § 2241 Habeas Corpus Writ," Doc. No. 13,

Petitioner's request for appointment of counsel should also be rejected.

Accordingly, the court determines:

1) Petitioner's Application for a Writ of Habeas Corpus under 28 U.S.C. § 2241, see Doc. No. 1, is **DISMISSED**;

2) This civil action is **DISMISSED** for lack of jurisdiction;

3) Petitioner's "Motion to Supplement, Alter, Amend or Relate Back to a § 2241 Habeas Corpus Writ," see Doc. No. 13, is **DENIED** in its entirety; and

4) The Clerk is directed to remove this matter from the docket of the court.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). The court concludes that the governing

standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to Petitioner.

It is **SO ORDERED** this 4th day of May, 2017.

ENTER:

David A. Faber
Senior United States District Judge